IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

MOODY NATIONAL BANK, N.A.        §
                                 §
VS.                              §        CIVIL ACTION NO. G-10-589
                                 §
BYWATER MARINE, LLC, ET AL.      §

### OPINION AND ORDER

On June 19, 2012, the Defendants, Bywater Marine, LLC, Bywater Madison, LLC,

Bywater Ludlow, LLC, Unimak Maritime Group, LLC and William J. Turner (Defendants), filed

their "Motion for New Trial and/or Motion to Alter or Amend Judgment" pursuant to Rule 59 of

the Federal Rules of Civil Procedure.  The Motion seeks relief from the Final Judgment entered

on May 23, 2012, in favor of Plaintiff, Moody National Bank, N.A. (Moody), following the

District Court's granting of Moody's Motion for Summary Judgment, therefore, the Motion is

properly analyzed under Rule 59(e) because there has been no trial.  See Flynn v. Terrebonne

Parish School Board, 348 Supp. 2d 769, 770 (E.D. La. 2004) (citing Patin v. Allied Signal, Inc.,

77 F.3d 782, 785 n.1 (5th Cir. 1996)

Simply stated, a Rule 59(e) Motion has the "narrow purpose of allowing a party to correct

manifest errors of law or fact or to present newly discovered evidence," In re Transtexas Gas

Corp., 303 F.3d 571, 581 (5th Cir. 2002).  In their Motion the Defendants do not present any

change in the controlling law or any newly discovered evidence.  They merely reurge, without

modification, their argument's major premise that, on the facts in this case, Moody entered into

"a valid and enforceable agreement of the reduction of the principal" owed to Moody by the

Defendants under the terms of the promissory notes securing the preferred ship's mortgages on

the Defendants' vessels. This argument, they syllogize, establishes various affirmative defenses which, in turn, render the existent judgment manifestly unfair.

The Defendants' argument was initially rejected by the Magistrate Judge in his Report and Recommendation. It was then rejected by the Honorable Kenneth M. Hoyt, United States District Judge, after a *de novo* review. Undeterred, the Defendants now seek yet another judicial opinion with their instant Motion. Even though a Rule 59(e) Motion "is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and (the) Court," Alvarado v. Texas Rangers, 2005 WL 1420846 (W.D. Tex.), this Court has, nevertheless, given the Defendants' argument a third review and it now concurs with the prior Judges' conclusion: the facts before the Court do not establish the existence of any enforceable workout agreement and, consequently, each affirmative defense asserted by the Defendants fails as a matter of law.

Having concluded that the Defendants are not entitled to relief, it is **ORDERED** that their "Motion for New Trial and/or Motion to Alter or Amend Judgment" (Instrument no. 73) is **DENIED**.

**DONE** at Galveston, Texas, this ___7th___ day of ~~July~~ August, 2012.

Gregg Costa
United States District Judge

2